> **STATISTICAL INFORMATION ONLY:** Debtor must select the number of each of the following items included in the Plan.
>
> **0** Valuation of Security    **0** Assumption of Executory Contract or Unexpired Lease    **0** Lien Avoidance

Last Revised December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                              Case No. **1:18-bk-10714**
                                                    Judge
Williams, Laura A.
                    Debtor(s)

### Second CHAPTER 13 PLAN AND MOTIONS

[ ] Original                [X] Modified/Notice Required        Date: **June 1, 2018**

[ ] Motions Included        [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES [X] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES [X] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **MII**        Initial Debtor: **LAW**        Initial Co-Debtor:

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ **430.19** per **month** to the Chapter 13 Trustee, starting on **2/01/2018** for approximately **60** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
  [X] Future Earnings
  [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
  [ ] Sale of real property
    Description:
    Proposed date for completion: _____

  [ ] Refinance of real property
    Description:
    Proposed date for completion: _____

  [ ] Loan modification with respect to mortgage encumbering property
    Description:
    Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection [X] NONE

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Scher & Isenberg, LLC | Administrative Expense | 2,000.00 |
| IRS | Taxes | 2,608.21 |
| State of New Jersey | Taxes | 436.66 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[X] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| None | | | |

### Part 4: Secured Claims

2

**a. Curing Default and Maintaining Payments on Principal Residence: [ ]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CENLAR (NJ Housing & Mortgage Finance) | 416 Wesley Ave, Pitman, NJ 08071-2519 | 18,208.31 | 0.00% | 18,185.33 | 1,020.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| None | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| None | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender [X] NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| None | | | |

### f. Secured Claims Unaffected by the Plan [ ] NONE

The following secured claims are unaffected by the Plan:
**Capital One Auto Finance**
**PNC Home Equity**

### g. Secured Claims to Be Paid in Full Through the Plan [X] NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| None | | |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
___ Not less than _____ percent
_X_ *Pro Rata* distribution from any remaining funds

**b. Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| None | | | |

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| None | | | | |

## Part 7: Motions

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and

transmittal notice are served.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| None | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| None | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**

   __X__ Upon Confirmation
   ____ Upon Discharge

b. **Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**

5

6) **General Unsecured Claims**

**d. Post-petition claims** The Trustee [ ] is, [X] is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification [ ] NONE

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: **6/01/2018**

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| Since the filing of the First Amended Plan, we have received two new Proofs of Claim from the IRS and CENLAR. As such, we have adjusted this plan to reflect their Proofs of Claims. In addition, there has been an adjustment to Schedule J to more accurately reflect the expenses of the Debtor. | The amount has been adjusted to pay all secured claims, attorney and trustee fees. |

Are Schedules I and J being filed simultaneously with this Modified Plan? [X] Yes [ ] No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

[X] NONE
[ ] Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 6/1/18        _____
                    Attorney for the Debtor

Date: 6/1/18        /s/ Laura Williams
                    Debtor

Date: _____       _____
                    Joint Debtor

**Signatures**

6

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 6/1/18    _/s/ Martin J. Gsechey_
                Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 6/1/18    _/s/ Laura Williams_
                Debtor

Date: _____    _____
                     Joint Debtor

7

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 18-10714-JNP
Laura A. Williams                                                     Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2           Date Rcvd: Jun 06, 2018
                              Form ID: pdf901          Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 08, 2018.
```
db              Laura A. Williams,    416 Wesley Ave,    Pitman, NJ 08071-2519
cr             +New Jersey Housing and Mortgage Finance Agency, c/,    425 Phillips Boulevard,
                 Ewing, NJ 08618-1430
517275954       Amazon/Chase Visa,    PO Box 15298,    Wilmington, DE 19850-5298
517275955      +Atlantic ER Physician Team,    1643 N Harrison Pkwy Bldg H,    Sunrise, FL 33323-2857
517275957       CENLAR (NJ Housing & Mortgage Finance),    425 Phillips Blvd,    Ewing, NJ 08618-1430
517389750       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517275958       Chase/Bank One Card,    PO Box 15298,    Wilmington, DE 19850-5298
517275961       Kennedy Health,    200 E Park Dr Ste 100,    Mount Laurel, NJ 08054-1297
517403579       New Jersey Housing and Mortgage Finance Agency,,    c/o Cenlar FSB,
                 Pluese, Becker & Saltzman, LLC,    20000 Horizon Way, Suite 900,    Mt. Laurel, NJ 08054-4318
517388271      +PNC BANK N.A.,    PO BOX 94982,    CLEVELAND, OH 44101-4982
517571364      +PNC BANK, NATIONAL ASSOCIATION,    KML Law Group, P.C.,    216 Haddon Avenue, Suite 406,
                 Westmont, NJ 08108-2812
517275965       PNC Bank,    PO Box 3180,    Pittsburgh, PA 15230-3180
517275966       PNC Home Equity,    PO Box 3180,    Pittsburgh, PA 15230-3180
517275964       Penn Medicine,    800 Spruce St,    Philadelphia, PA 19107-6130
517388915      +State of New Jersey,    Department of Labor & Workforce,    P.O. Box 951,
                 Trenton, NJ 08625-0951
517275967       Target Red Card,    PO Box 673,    Minneapolis, MN 55440-0673
517275968       Wells Fargo Dealer Services,    PO Box 1697,    Winterville, NC 28590-1697
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jun 07 2018 00:35:55      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 07 2018 00:35:52       United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517388916      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 07 2018 00:48:24
                 Capital One Auto Finance,    P.O. Box 4360,    Houston, TX 77210-4360
517285724      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 07 2018 00:31:44
                 Capital One Auto Finance, a division of Capital On,    AIS Portfolio Services, LP,
                 4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
517290836      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 07 2018 00:32:47
                 Capital One Auto Finance, c/o AIS Portfolio Servic,    P.O. Box 4360,    Houston, TX 77210-4360
517275956       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 07 2018 00:31:29      Capital One Bank,
                 PO Box 30281,    Salt Lake City, UT 84130-0281
517275959       E-mail/Text: electronicbkydocs@nelnet.net Jun 07 2018 00:35:57      Department of Education,
                 121 S 13th St,    Lincoln, NE 68508-1904
517275960       E-mail/Text: cio.bncmail@irs.gov Jun 07 2018 00:34:53      IRS,    333 W Pershing Rd,
                 Kansas City, MO 64108-4302
517275962       E-mail/Text: bnckohlsnotices@becket-lee.com Jun 07 2018 00:34:44      Kohls,    PO Box 3115,
                 Milwaukee, WI 53201-3115
517275963       E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2018 00:31:27      Lowes,    PO Box 965005,
                 Orlando, FL 32896-5005
517378082      +E-mail/Text: bankruptcydpt@mcmcg.com Jun 07 2018 00:35:51      Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
517392579       E-mail/Text: bnc-quantum@quantum3group.com Jun 07 2018 00:35:41
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,   Kirkland, WA 98083-0788
517277510      +E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2018 00:31:28      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517404263      +E-mail/Text: bncmail@w-legal.com Jun 07 2018 00:36:03      TD Bank USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
517299459      +E-mail/Text: electronicbkydocs@nelnet.net Jun 07 2018 00:35:57
                 US Department of Education c/o Nelnet,    121 South 13th Street, Suite 201,
                 Lincoln, NE 68508-1911
                                                                                             TOTAL: 15
```

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
517315585*      Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                 TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Jun 06, 2018
                              Form ID: pdf901          Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 08, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 1, 2018 at the address(es) listed below:
              Isabel C. Balboa     ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Martin I. Isenberg    on behalf of Debtor Laura A. Williams misenbergesq@comcast.net,
               misenbergesq@comcast.net
              Robert P. Saltzman    on behalf of Creditor    New Jersey Housing and Mortgage Finance Agency, c/o
               Cenlar FSB dnj@pbslaw.org
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 4
```